## No. 807
## ESPEL v. THE CINC. WALNUT THTR. AMUSE. CO.
### No. 19321. Supreme Court

On motion to certify. Dock. Aug. 13, 1925; 3 Abs. 514.

225. CHARGE TO JURY—May trial court, after giving special instructions which embody language of statute, modify said language, either in writing or orally?

The controlling question in this case involves the construction of that part of Section 12600-35 GC. which reads: "Every portion of the theatre devoted to the use or accommodation of the public also all outlets leading to the streets, including all open courts, corridors, stairways, exits and enclosed fireproof stairways shall be well and properly lighted during every performance and the same shall remain lighted until the entire audience has left the premises."

Questions presented are:

1. Whether the words, "shall be well and properly lighted," is such a specific and definite lawful statutory requirement which advises proprietors and operators of moving picture shows of the standard or measure of their duty to the public in keeping their moving picture show, lighted during a performance.

2. Whether the Hamilton Court of Appeals erred in approving the trial court's action in instructing the jury that when the law says that a theatre should be well and properly lighted during every performance it means only that a theatre used for motion pictures should be lighted as ordinarily prudent persons operating such theatre would light it under the same or similar circumstances, if this were done then the defendant was not negligent in that regard.

3. Whether the trial court in giving special instructions in writing embodying the exact language of the statute can thereafter either orally or in, writing modify or qualify the plain ordinary language of the statute from a statutory duty to a common law duty.

4. This statute was modified in 1925 to read ' "adequately lighted", but whether well and properly lighted or adequately lighted is a question that involves all moving picture show operators and the public who ·patronize them.

Attorneys—J. B. Kelley for Espel; DeCamp, Sutphin & Brumleve for Company; all of Cincinnati.

## THIS WEEK'S DIGEST
## Cases Published in the Abstract

Published in This Week's Abstract

17. ACCORD AND SATISFACTION.

Where parties do not agree upon a proposition and pay a sum agreed upon, it is not a case of accord. Rohrheimer v. Bryant. OA. 3 Abs. 572.

168. BOUNDARIES.

1. Where there is no evidence to the contrary, presumption is that margin of lake, setting off boundary, is where stakes were placed by parties in first conveyance of land involved.

2. In construing a description in a deed where there is a discrepancy between distance and monument, deed is to be construed to give effect to the intention of the parties. Clayton v. Chippewa Lake Park Co. OA. 3 Abs. 573.

215. CEMETERIES.

1. A natural person or an association of them (not a corporation) may, subject to regulations which have been passed by the legislature of the state under its police power, own and operate a cemetery for profit or otherwise, as they may see fit.

2. Since questions of whether or not individuals may form cemetery associations has not been passed upon by the legislature, the desire to engage in such business to be left to the individuals themselves. State ex v. Meyer et. OA. 3 Abs. 575.

225. CHARGE TO JURY.

May trial court, after giving special instructions which embody language of statute, modify said language, either